JOSEPH R. BECKETT

*v.*

FERDINAND ANDORFER et al.

[Submitted November 26th, 1912. Decided November 30th, 1912.]

1. To justify a decree in a judgment creditor's suit to set aside a conveyance from the judgment debtor to a grantee for the use of the judgment debtor's wife, and to subject the lands so conveyed to the lien of the creditor's judgment, the evidence must warrant a finding of fact to the effect that at the time the conveyance was made, there existed an actual intent to defraud subsequent creditors, if no creditors existed at the time the conveyance was made.

2. Whether an agreement between the judgment debtor and his wife whereby she waived the wrongs her husband had committed and resumed cohabitation with him, affords such a consideration for the conveyance that it cannot be treated as voluntary is immaterial for the reason that the acceptance of the fact that the conveyance was the result of such engagements of the parties, and that her purpose was to protect herself against being again deserted and left wholly destitute, renders it impossible to conclude that an intent to defraud future creditors entered into the transaction.

3. The fact that no writing exists manifesting a trust title in the grantee for the benefit of the wife is immaterial, so far as the rights of complainant are concerned.

---

Final hearing on bill, answer, replication and proofs, to set aside a conveyance.

*Mr. Austin H. Swackhamer,* for the complainant.

*Mr. Samuel H. Richards,* for the defendants.

LEAMING, V. C.

To justify a decree in this suit setting aside the conveyance from Andorfer to Keeley and subjecting the land so conveyed to the lien of complainant's judgment, the evidence must warrant a finding of fact to the effect that at the time the conveyance was made there existed an actual intent to defraud subsequent creditors; for no creditor existed at the time that conveyance was made.

I am convinced that the evidence is insufficient to justify such a finding. It is impossible to doubt the truth of the testimony of Mrs. Andorfer to the effect that the conveyance was exacted by her as a prerequisite to her consent to resume cohabitation with her husband. I think it unnecessary to here consider whether the agreement between her and her husband, as disclosed by the testimony, whereby she waived the wrongs her husband had committed and resumed cohabitation with him, afforded such a consideration for the conveyance that it cannot be now treated as voluntary; for the acceptance of the fact that the conveyance was the result of such engagements of the parties and that her purpose was to protect herself against the danger of again being deserted and left wholly destitute, renders it impossible to conclude that an intent to defraud future creditors entered into the transaction. The conveyance was promptly recorded and any subsequent creditor could have easily ascertained the condition of the title before extending credit, and there is no evidence that Mrs. Andorfer ever knowingly gave encouragement to anyone to believe that the property did not belong to her; her occupancy of the property with her husband cannot be properly regarded as inconsistent with her ownership. It may be, as urged in behalf of complainant, the conveyance in question was executed and accepted in anticipation of a future hazardous business enterprise on the part of Mr. Andorfer and with an actual intent to defraud creditors of that enterprise; but the evidence does not, in my judgment, establish that fact or justify that affirmative finding. On the contrary, I am convinced that the conveyance was made in the manner and for the reasons stated by Mrs. Andorfer and without reference to or thought of possible dangers of future business enterprises or creditors of Mr. Andorfer, further than

that element is contained in any transfer of property which is operative to devest a grantor of his title.

It is urged in behalf of complainant that as no writing exists manifesting a trust title in Mr. Keeley for Mrs. Andorfer that trust cannot be established by parol. That question does not appear to me to be here involved. The material inquiry in this case is whether the conveyance was made with an actual intent to defraud future creditors of Mr. Andorfer. That inquiry involves the ascertainment of the real purpose of the parties. If the purpose to defraud was not present it is immaterial to creditors whether Keeley has manifested his trust in writing in such manner as to enable Mrs. Andorfer to enforce it against him; such a trustee can at any time declare his trust in writing and satisfy the statute of frauds. Some testimony exists to the effect that Keeley and his *cestui que trust* have made settlement touching the trust property, but I think that immaterial, so far as the rights of creditors of Andorfer are concerned.

I will advise a decree dismissing the bill.